IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

OLD SCHOOL IRON INC.,
5133 W 140th St., Unit B
Brook Park, OH 44142

Plaintiff,

v.

GUN RANGE CONSTRUCTION, LLC
c/o Thomas Wirthlin
116 Briarwood Dr.,
Simpsonville, SC 29681

and

THOMAS WIRTHLIN
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

THE BATTERY AT THORNBLADE PROPERTY OWNERS ASSOCIATION, INC.
c/o Thomas Wirthlin
701 Lady Hillingdon Ct.
Greer, South Carolina 29650

and

BULLFROG RENTALS LLC
c/o Fred W. Wood
204 Bent Creek Dr.
Greer, South Carolina 29650

and

BOURBON GROUP, LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

DINE CITY MARKET, LLC

CASE NO.

JUDGE

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

DINE ROCCO LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

GREENSEED, LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

GUN RANGE VENTILATION, LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

MAGA FIREARMS LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

MERCATO LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

MIL SPEC LABS, LLC
c/o Thomas Wirthlin
1 Netherland Ln.,
Simpsonville, SC 29681-5990

and

RANGEMASTER, LLC
c/o Dan Ball
1217 NE Main Street
Simpsonville, SC 29681-5990

and

TAP HOUSE, INC.
c/o The K H Jones Law Firm, LLC
303 Fairview Street
Fountain Inn, South Carolina 29644

and

WIRTHLIN REAL ESTATE, LLC
c/o Wanda Wirthlin
700 Lady Hillingdon Ct.
Greer, South Carolina 29650

and

WIRTHLIN PROPERTIES, LLC
c/o Thomas Wirthlin
9 Hastings Cir.
Taylors, South Carolina 29687

Defendants.

Plaintiff Old School Iron Inc. ("OSI"), by and through the undersigned counsel, for its Complaint against Defendants Gun Range Construction, LLC ("GRC"); The Battery at Thornblade Property Owners Association, Inc.; Bullfrog Rentals LLC; Bourbon Group, LLC; Dine City Market, LLC; Dine Rocco LLC; Greenseed, LLC; Gun Range Ventilation, LLC; MAGA Firearms LLC; Mercato LLC; Mil Spec Labs, LLC; Rangemaster, LLC; Wirthlin Real Estate, LLC; Tap House, Inc.; Wirthlin Properties, LLC (collectively, " LLC Defendants"); and Thomas Wirthlin ("Mr. Wirthlin"); states as follows:

## NATURE OF THE COMPLAINT

1. This action arises out of a commercial dispute between OSI and GRC and Mr.

Wirthlin concerning Defendants' failure to perform contractual obligations and their wrongful retention and misuse of funds paid by OSI in connection with the design and construction of an indoor gun range at OSI's property in Cleveland, Ohio (the "Project").

2. OSI and GRC entered into a written agreement pursuant to which GRC agreed to design, fabricate, and construct the Project in accordance with the contract terms, applicable building codes, and industry standards.

3. In reliance on Defendants' representations and contractual obligations, OSI paid substantial funds to Defendants, including at least $507,166.10, for the performance and completion of the Project.

4. Despite receiving these funds, Defendants failed and refused to fulfill their obligations under the parties' agreement, including failing to complete the Project, performing defective and incomplete work, submitting improper and unsupported charges, and wrongfully retaining funds paid by OSI.

5. Upon information and belief, Mr. Wirthlin exercised dominion and control over GRC and affiliated entities and used those entities to obtain, control, and retain funds belonging to OSI. OSI therefore seeks to hold Wirthlin personally liable, including under alter ego and veil-piercing principles.

6. Because Defendants have failed to fulfill their contractual and legal obligations and have wrongfully retained OSI's funds, OSI brings this action for breach of contract, conversion, fraud, civil conspiracy, civil theft, and related relief to recover its damages and all other relief permitted by law.

## PARTIES AND JURISDICTION

1. OSI is a corporation that is organized under the laws of the State of Ohio and has a principal place of business in Brook Park, Ohio.

2. GRC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

3. Thomas Wirthlin is an individual who resides in Simpsonville, South Carolina.

4. The Battery at Thornblade Property Owners Association, Inc. is a corporation organized under the laws of the State of South Carolina and has a principal place of business in Greer, South Carolina.

5. Bullfrog Rentals LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Greer, South Carolina.

6. Bourbon Group, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

7. Dine City Market, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

8. Dine Rocco LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

9. Greenseed, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

10. Gun Range Ventilation, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

11. MAGA Firearms LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

12. Mercato LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

13. Mil Spec Labs, LLC is a limited liability company organized under the laws of the

State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

14. Rangemaster, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Simpsonville, South Carolina.

15. Tap House, Inc. is a corporation organized under the laws of the State of South Carolina and has a principal place of business in Fountain Inn, South Carolina.

16. Wirthlin Real Estate, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Greer, South Carolina.

17. Wirthlin Properties, LLC is a limited liability company organized under the laws of the State of South Carolina and has a principal place of business in Taylors, South Carolina.

18. Upon information and belief, Thomas Wirthlin is the sole owner and member of GRC.

19. Upon information and belief, the members of Bullfrog Rentals LLC reside and are citizens of South Carolina.

20. Upon information and belief, members of Bourbon Group, LLC reside and are citizens of South Carolina.

21. Upon information and belief, the members of Dine City Market, LLC reside and are citizens of South Carolina.

22. Upon information and belief, the members of Dine Rocco LLC reside and are citizens of South Carolina.

23. Upon information and belief, the members of Greenseed, LLC reside and are citizens of South Carolina.

24. Upon information and belief, the members of Gun Range Ventilation, LLC reside and are citizens of South Carolina.

25. Upon information and belief, the members of MAGA Firearms LLC reside and are

citizens of South Carolina.

26. Upon information and belief, the members of Mercato LLC reside and are citizens of South Carolina.

27. Upon information and belief, the members of Mil Spec Labs, LLC reside and are citizens of South Carolina.

28. Upon information and belief, the members of Rangemaster, LLC reside and are citizens of South Carolina.

29. Upon information and belief, members of Wirthlin Real Estate, LLC reside and are citizens of South Carolina.

30. Upon information and belief, the members of Wirthlin Properties, LLC reside and are citizens of South Carolina.

31. The amount in controversy in this matter exceeds $75,000, as OSI seeks damages of over $600,000, exclusive of interest and costs.

32. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because OSI and the Defendants are citizens of different states, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

33. This Court has personal jurisdiction over GRC and Mr. Wirthlin in this action because GRC and Mr. Wirthlin entered into Ohio contracts with an Ohio citizen and consented to personal jurisdiction in Ohio.

34. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to this action occurred in this district and GRC and Mr. Wirthlin have consented to venue in this district.

## FACTUAL BACKGROUND

35. OSI owns real property at the real property located at 5131 West 140 Street,

Cleveland, Ohio 44142 (the "Property").

36. On or about April 20, 2023, OSI and GRC entered into a contract (the "Contract") pursuant to which GRC agreed to perform the necessary design and construction services to fabricate and install an indoor gun range at the Property (the "Project"). A true and correct copy of the Contract is attached hereto as Exhibit A.

37. Under the Contract, the total contract price of the Project was $637,167.00 (the "Contract Price"), which was subject to additions as set forth in the Contract and "[i]nclude[d] complete design and installation to meet all government standards."

38. GRC's scope of work included, *inter alia*, the responsibility to provide labor, materials, and equipment to finish the construction of the Project in a workmanlike manner according to the plan, applicable building codes, and the schedule set forth in the Contract.

39. The Contract provided that OSI would make payments in two phases.

40. Phase 1 required OSI to pay seventy percent of the Contract Price as a down payment for GRC to initiate engineering and steel fabrication and to order all the components for the Project. Phase 2 required OSI to pay the remaining thirty percent of the Contract Price to cover the costs of the delivery of the steel and range components.

41. On May 13, 2023, OSI wired funds to GRC in the amount of $446,016.00 to cover the initial downpayment of the Project.

42. On or about May 13, 2024, OSI wired additional funds to GRC in the amount of $61,150.10.

43. As set forth below, GRC: (A) failed to complete the Project in a timely manner; (B) submitted improper, inaccurate, and fraudulent charges; and (C) failed to build the Project in workmanlike manner. Further, Thomas Wirthlin is jointly and severally liable for all relief sought herein against GRC by OSI.

**I. GRC's Project Delays**

44. OSI and GRC agreed that GRC would commence work on May 14, 2023.

45. As the Project progressed, OSI experienced substantial issues caused by GRC that delayed and hindered the completion of the Project, including, but not limited to (1) failing to provide sufficient and/or skilled workers; (2) failing to properly supervise construction activities; (3) failing to properly schedule subcontractors; and (4) failing to order proper materials in a timely manner.

46. GRC barely performed any work and did not complete the Project.

**II. GRC's Improper Charges**

47. There were problems with GRC's and Mr. Wirthlin accounting and billing practices throughout the Project.

48. GRC requested funds from OSI for unsupported charges, improper charges, unauthorized charges, excessive charges, and fraudulent charges during the Project.

49. GRC failed to provide supporting documentation for various charges.

**III. GRC's Defective Workmanship**

50. On top of billing and accounting issues, GRC's failed to perform construction services in a good and workmanlike manner, including, but not limited to:

a. Installation of baffles

b. Installation of 30' tactical application for downrange and training classes

c. Installation of shooting stalls

d. Installation of target retrieval system

e. Installation of ballistics rubber panels

f. Installation of HVAC and filtration system, which includes Energy Recovery System

51. To date, OSI has paid $507,166.10 for the Project in accordance with the terms of the Contract.

52. OSI also provided GRC with many opportunities to cure and address the numerous issues related to construction defects and billing/accounting discrepancies, but GRC has repeatedly failed and refused to properly address the construction defects and misrepresentations related to accounting and billing practices.

53. As a result of the foregoing, OSI has and continues to suffer damages, including, but not limited to, the cost to repair GRC's deficient, faulty, and substandard work, overpayment on invoices with no credits issued by GRC, delay damages, and loss of enjoyment of the Property.

**IV. Piercing the Corporate Veil/Alter Ego**

54. At all times relevant times, Mr. Wirthlin was the owner, co-owner, shareholder, member representative, agent, officer, partner, and/or the alter ego the LLC Defendants, or was otherwise acting on behalf of the LLC Defendants in furtherance of the matters alleged above and below, and was acting within the course and scope of his authority as owner, co-owner, shareholder, member representative, agent, officer, partner, and/or alter ego of the LLC Defendants, with the full knowledge, permission, and consent of the LLC Defendants with co-Defendants ratifying the acts of other co-Defendants.

55. There exists, at all times herein, a unity of interest between Mr. Wirthlin and the LLC Defendants such that individuality and separateness between them has ceased, and LLC Defendants are the alter ego of Mr. Wirthlin as follows:

a. The LLC Defendants are, and at all times herein mentioned were, a mere shell and sham without sufficient capital, assets, membership units, or members. The LLC Defendants were conceived, intended, and used by Mr. Wirthlin as a device to avoid individual liability and to substitute a

financially insolvent company in the place of Mr. Wirthlin.

b. The LLC Defendants are, and at all times herein mentioned were, the alter ego of Mr. Wirthlin, and there exists a unity of ownership between the LLC Defendants such that any separateness has ceased to exist in that Mr. Wirthlin used assets of the LLC Defendants for his personal use, caused assets of the LLC Defendants to be transferred to him without adequate consideration, and withdrew funds from the LLC Defendants' bank account(s) for his personal use.

c. The LLC Defendants are, and at all times herein mentioned were, a mere shell, instrumentality, and conduit through which Mr. Wirthlin carried on his business in the name of the LLC Defendants and exercised complete dominion and control such that the LLC Defendants had no separate mind, will, or existence of their own.

d. The LLC Defendants are, and at all times herein mentioned were, controlled, dominated, and operated by Mr. Wirthlin as his individual business and alter ego, in that the activities and business of the LLC Defendants were carried out without the holdings of managers and members meetings, no records or minutes of any company proceedings were maintained, and Mr. Wirthlin entered into personal transactions with LLC Defendants without the approval of other managers or members.

e. Adherence to the fiction of separate existence of the LLC Defendants as entities distinct from Mr. Wirthlin would permit abuse of the corporate privilege and would result in injustice or inequitable consequences.

56. All of the above acts of Defendants as well as the other acts set forth herein directed

towards OSI were exercised in such a manner as to commit fraud or an illegal act or as similarly unlawful against OSI.

57. Because of the acts and omissions complained of above, Mr. Wirthlin is jointly and severally liable for all relief sought by OSI against GRC, the LLC Defendants, and any affiliated entities.

**COUNT ONE**
**(BREACH OF CONTRACT AGAINST GRC)**

58. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

59. On or about April 20, 2023, OSI and GRC entered a valid binding contract, *i.e.*, the Contract.

60. Pursuant to the Contract, GRC agreed to perform the necessary design and construction services to fabricate and install an indoor gun range.

61. OSI satisfied its obligations under the Contract, including, but not limited to, paying outstanding payments under the Contract.

62. As set forth above, GRC breached the Contract by, *inter alia*, failing to properly perform construction services in a good and workmanlike manner, failing to provide construction materials and services paid for but not received and/or removed from the Property, failing to pay subcontractors, and providing inaccurate and/or fraudulent charges.

63. As a result of GRC's breach of the Contract, OSI has and continues to suffer damages, including, but not limited to, the cost to repair GRC's substandard work, which exceeds $100,000, overpayment, and delay damages.

64. Therefore, as a direct and proximate result of GRC's breach, OSI is entitled to damages in excess of $600,000, plus interest and costs.

**COUNT TWO**
**(UNJUST ENRICHMENT AGAINST MR. WIRTHLIN AND GRC )**

65. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

66. OSI conferred a benefit on Defendants by wiring funds to GRC in the amounts of $446,016.00 and $61,150.10.

67. Defendants were and are aware, and had and have knowledge of, the benefit they have received.

68. As a proximate result of Defendants' conversion and otherwise wrongful conduct as alleged herein, OSI has lost its funds and the use and enjoyment of the Property for its intended purpose under the Contract.

69. Defendants have been unjustly enriched to OSI's detriment by the aforementioned conduct.

70. Thus, as an alternative claim for relief, and to the extent the Contract does not apply, in whole or in part, to OSI's claims, OSI is entitled to recover, and to avoid unjust enrichment, the full, fair, and reasonable value of the funds wired to GRC.

71. OSI is therefore entitled to recover all relief available to it under the doctrine of unjust enrichment, including, but not limited to, the reasonable value of the funds wired to GRC, costs and expenses associated with pursing the sums it is owed, attorneys' fees, the maximum rate of interest allowable by law and all other sums recoverable by law in an amount to be proven at trial, but no less than $600,000, together with interest and reasonable attorneys' fees, expenses and court costs.

**COUNT THREE**
**(CONVERSION AGAINST GRC AND MR. WIRTHLIN)**

72. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten

herein.

73. On May 13, 2023, OSI wired funds to GRC in the amount of $446,016.00 to cover the initial downpayment of the Project.

74. On or about May 13, 2024, OSI wired additional funds to GRC in the amount of $61,150.10.

75. OSI's payments were made for the exclusive purpose of procuring materials and services for the Project and were never authorized to be transferred to Mr. Wirthlin personally or to the LLC Defendants for unrelated uses.

76. GRC/Mr. Wirthlin had no right to transfer the funds to a third party, including, but not limited to Thomas Wirthlin's entities, The Battery at Thornblade Property Owners Association, Inc.; Bullfrog Rentals LLC; Bourbon Group, LLC; Dine City Market, LLC; Dine Rocco LLC; Greenseed, LLC; Gun Range Ventilation, LLC; MAGA Firearms LLC; Mercato LLC; Mil Spec Labs, LLC; Rangemaster, LLC; Tap House, Inc.; Wirthlin Real Estate, LLC; and Wirthlin Properties, LLC without OSI's endorsement, knowledge, or consent.

77. GRC and/or Mr. Wirthlin have retained the funds for their sole benefit and/or wrongfully transferred the funds for the benefit of the other Defendants.

78. As a result of GRC/Mr. Wirthlin's misconduct, OSI has sustained damages.

79. GRC and/or Mr. Wirthlin's wrongful exercise of dominion over the funds to the exclusion of OSI's rights, or wrongfully transferring the funds, and/or withholding the funds from OSI under a claim inconsistent with OSI's rights constitutes conversion.

**COUNT FOUR**
**(FRAUD AGAINST MR. WIRTHLIN AND GRC)**

80. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten herein.

81. As set forth above, beginning in May 2023, Mr. Wirthlin and GRC knowingly

provided false and inaccurate information to OSI regarding:

a. The cost of certain materials that were paid for by OSI;

b. The quantity of materials necessary for the Project;

c. The nature of construction services performed at the Property;

d. The charges submitted by GRC;

e. The anticipated Project completion date; and

f. Whether the Project complied with applicable building codes and industry standards.

82. OSI justifiably relied on Mr. Wirthlin and GRC's representations.

83. OSI was damaged because of GRC and Mr. Wirthlin's negligent/fraudulent misrepresentations to its detriment.

84. As a direct and proximate result of Defendants' negligent/fraudulent misrepresentations, OSI has been damaged in excess of $600,000.00, plus interest, costs, and attorneys' fees.

**COUNT FIVE**
**(CIVIL THEFT AGAINST MR. WIRTHLIN AND GRC)**

85. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten.

86. As set forth above, GRC and Mr. Wirthlin committed theft, as defined in R.C. § 2913.02, by knowingly obtaining or exerting control over OSI's funds beyond the scope of the express or implied consent of OSI, or by deception, or by threat, with the purpose to deprive OSI of said funds.

87. GRC and Mr. Wirthlin's conduct constitutes a willful and malicious theft of property within the meaning of R.C. § 2307.61.

88. As a direct and proximate result of GRC and Mr. Wirthlin's theft, OSI has suffered damages in excess of $600,000.00.

89. Pursuant to R.C. § 2307.61, OSI is entitled to recover compensatory damages, plus two times the value of the property that is the subject of the theft, in addition to costs and reasonable attorneys' fees.

## COUNT SIX
## (CONSPIRACY AGAINST ALL DEFENDANTS)

90. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten.

91. Upon information and belief, Defendants knowingly agreed and combined to engage in a conspiracy to deprive OSI of its rights by engaging in the following acts:

a. failing to perform GRC's duties under the Contract;

b. wrongfully obtaining a right, claim, or interest in the funds of OSI;

c. wrongfully exercising dominion over the funds OSI paid pursuant to the Contract to the exclusion of OSI's rights, or wrongfully transferring the funds, and/or withholding the funds from OSI under a claim inconsistent with OSI's rights;

92. Upon information and belief, Defendants agreed and/or combined to engage in a conspiracy to commit the unlawful acts, as set forth in this Complaint.

93. Upon information and belief, Defendants' principal motive for engaging in this conspiracy was to inflict injury on OSI.

94. Upon information and belief, Defendants understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of the scheme to inflict the wrongs against and injury on OSI as described in this Complaint.

95. Upon information and belief, Defendants agreed and/or combined to engage in a scheme that was intended to violate the law and concealed and secreted the scheme.

96. Defendants agreed and/or combined to engage in a scheme that was intended to violate the rights of OSI.

97. As a result of Defendants' actions, OSI was injured.

98. By engaging in the conduct described above, Defendants acted with malice toward OSI, and OSI suffered damages in excess of $600,000.00, plus interest, costs, and attorneys' fees.

**COUNT SEVEN**
**(FRAUDULENT TRANSFER AGAINST ALL DEFENDANTS)**

99. OSI incorporates by reference each of the foregoing paragraphs as if fully rewritten.

100. At all times relevant hereto, OSI was and is a creditor of GRC and Mr. Wirthlin within the meaning of Ohio Revised Code Chapter 1336.

101. OSI's claims against GRC and Mr. Wirthlin arose on or about April 20, 2023, when the parties entered the Contract, and continued to accrue as OSI made payments to GRC for the Project, including the wire transfers of $446,016.00 on May 13, 2023, and $61,150.10 on or about May 13, 2024.

102. Upon information and belief, after receiving OSI's payments, GRC and/or Mr. Wirthlin transferred all or a portion of OSI's funds to one or more of the LLC Defendants, including but not limited to The Battery at Thornblade Property Owners Association, Inc.; Bullfrog Rentals LLC; Bourbon Group, LLC; Dine City Market, LLC; Dine Rocco LLC; Greenseed, LLC; Gun Range Ventilation, LLC; MAGA Firearms LLC; Mercato LLC; Mil Spec Labs, LLC; Rangemaster, LLC; Tap House, Inc.; Wirthlin Real Estate, LLC; and Wirthlin Properties, LLC (collectively, the "Transfers").

103. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud OSI as a creditor of GRC and Mr. Wirthlin.

104. The Transfers qualify as fraudulent transfers under chapter 1336 et seq. of the Ohio Revised Code, thus entitling OSI to judgment against Defendants—the recipients of the Transfers.

105. At the time of the Transfers, the Defendants had the intent to hinder, delay, defraud OSI in the following ways:

a. The Transfers were made to insiders, as Mr. Wirthlin controls or is affiliated with each of the LLC Defendants;

b. Mr. Wirthlin and GRC retained control over the transferred funds by virtue of Mr. Wirthlin's dominion and control over the LLC Defendants;

c. Before the Transfers were made, GRC and Mr. Wirthlin had been sued or threatened with suit, or knew that OSI's claims were imminent;

d. Upon information and belief, GRC and Mr. Wirthlin did not receive reasonably equivalent value in exchange for the Transfers;

e. Upon information and belief, GRC was insolvent at the time of the Transfers or became insolvent as a result of the Transfers;

f. The Transfers occurred shortly after GRC incurred substantial debt to OSI under the Contract;

g. Upon information and belief, GRC and Mr. Wirthlin concealed the Transfers from OSI; and

h. Upon information and belief, GRC and Mr. Wirthlin absconded with OSI's funds by diverting them to unrelated business ventures, including restaurants and other enterprises having no connection to the Project.

107. The transfers have caused damage to OSI, therefore, entitling it to the relief provided for in R.C. 1336.07, plus punitive damages.

108. Said relief includes, but is not limited to, avoidance of the subject transfers between the GRC and Mr. Wirthlin and the LLC Defendants, an injunction against further disposition by GRC and Mr. Wirthlin to the LLC Defendants of any property fraudulently transferred, and the appointment of a receiver to take charge of any property fraudulently transferred between the GRC and Mr. Wirthlin to the LLC Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, OSI asks that judgment be entered in its favor and against Gun Range Construction, LLC; Thomas Wirthlin; The Battery at Thornblade Property Owners Association, Inc.; Bullfrog Rentals LLC; Bourbon Group, LLC; Dine City Market, LLC; Dine Rocco LLC; Greenseed, LLC; Gun Range Ventilation, LLC; MAGA Firearms LLC; Mercato LLC; Mil Spec Labs, LLC; Rangemaster, LLC; Tap House, Inc.; Wirthlin Real Estate, LLC; and Wirthlin Properties, LLC as follows:

a. An award of compensatory damages against the Defendants in an amount in excess of $600,000, plus all interest, late fees, and Costs to which OSI is entitled.

b. For avoidance of the fraudulent transfers made between GRC and Mr. Wirthlin to the LLC Defendants between May 2023 and January 2025, totaling $507,166.10;

c. Avoidance of any other transfers of real or personal property made between the GRC and Mr. Wirthlin and the LLC Defendants that are considered fraudulent transfers under chapter 1336 et seq. of the Ohio Revised Code;

d. An injunction against further disposition by the GRC and Mr. Wirthlin and the LLC Defendants of property transferred fraudulently under 1336 et seq. of the Ohio Revised Code;

e. The appointment of a receiver to take charge of the property fraudulently transferred from GRC and Mr. Wirthlin to the LLC Defendants

f. Punitive damages, treble damages, reasonable attorney fees, costs, and expenses; and

g. Any further relief that this Court deems just and appropriate.

Respectfully submitted,

/s/ *Spencer E. Krebs*

Spencer E. Krebs (0097414)
Danielle Easton (0099591)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
Phone: (216) 592-5000
Email: spencer.krebs@tuckerellis.com
danielle.easton@tuckerellis.com
*Attorneys for Old School Iron Inc.*